UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ALLEN BRAMWELL, | ) |
|     Plaintiff, | ) |
| | ) Case No. |
| v. | ) |
| | ) Judge |
| DEPUTY SHERIFF CORTEZ #17672, | ) |
| DEPUTY SHERIFF SANCHEZ #15257, | ) Magistrate |
| JOHN DOE DEPUTY SHERIFFS, | ) |
| and COOK COUNTY, ILLINOIS | ) JURY DEMAND |
| | ) |
|     Defendants. | ) |

## COMPLAINT AT LAW

NOW COMES the Plaintiff, ALLEN BRAMWELL, by and through his attorneys, C. NORRIS LAW GROUP, LLC, and in support of his complaint against the Defendants, DEPUTY SHERIFF CORTEZ #17672, DEPUTY SHERIFF SANCHEZ #15257, JOHN DOE DEPUTY SHERIFFS, and COOK COUNTY, a Municipal Corporation, states as follows:

## JURISDICTION AND VENUE

1. This action is brought pursuant to the laws of the United States Constitution, specifically, 42 U.S.C. §1983 and §1988, and the laws of the State of Illinois, to redress deprivations of the Civil Rights of the Plaintiff, ALLEN BRAMWELL, accomplished by acts and/or omissions of the Defendants, DEPUTY SHERIFF CORTEZ #17672, DEPUTY SHERIFF SANCHEZ #15257, JOHN DOE DEPUTY SHERIFFS, committed under color of law.

2. This Court has jurisdiction pursuant to 28 U.S.C. §§ 1331, 1343, and 1367 as this matter involves issues of federal law and supplemental jurisdiction of the State of Illinois is proper.

3. Venue is proper in the United States District Court for the Northern District of Illinois under 28 U.S.C. § 1391(b) because it is the judicial district in which the events or omissions giving rise to the claims occurred.

## PARTIES

4. At all relevant times, the Plaintiff, ALLEN BRAMWELL, was a resident of the state of Illinois who was incarcerated at the Cook County Jail as a pre-trial detainee.

5. The Defendants, DEPUTY SHERIFF CORTEZ #17672, DEPUTY SHERIFF SANCHEZ #15257, JOHN DOE DEPUTY SHERIFFS were acting within their scope of employment and under color of law.

6. The Defendant COOK COUNTY, ILLINOIS is a municipal corporation duly incorporated in the State of Illinois.

## FACTS

7. On or about November 23, 2020, the Plaintiff was escorted from his cell in Division 9, Tier 2G of the Cook County Jail by Defendants DEPUTY SHERIFF CORTEZ #17672 and JOHN DOE DEPUTY SHERIFF to a cell in Division 10, Tier 2C in Cook County Jail.

8. Upon arrival at the cell in Division 10, the pre-trial detainee housed in the cell ,Leon Hearon, told Plaintiff and Defendants DEPUTY SHERIFF CORTEZ #17672 and JOHN DOE DEPUTY SHERIFF that he was classified by Cook County Jail officials as "House Alone" because he had attempted to physically assault and rape his previous two cellmates and therefore was to be housed without a cellmate.

9. In fact, pre-trial detainee Leon Hearon was classified by Cook County Jail Officials as "House Alone" because he had attempted to rape his prior cellmate in Division 6 of Cook County Jail.

10. Despite the fact that Defendants DEPUTY SHERIFF CORTEZ #17672 and JOHN DOE DEPUTY SHERIFF were aware that pre-trial detainee Leon Hearon had previously attempted to assault his prior cellmate and that the jail ordered him to be alone to prevent future assaults and that there was a high likelihood that he would assault the Plaintiff, Defendant DEPUTY SHERIFF CORTEZ #17672 and JOHN DOE DEPUTY SHERIFF deliberately ignored this threat to Plaintiff's safety and housed the Plaintiff with pre-trial detainee Leon Hearon.

11. The Deputy Sheriffs that were assigned to patrol and secure Tier 2C, Defendants DEPUTY SHERIFF SANCHEZ #15257, JOHN DOE DEPUTY SHERIFFS, knew that pre-trial detainee Leon Hearon was classified by Cook County Jail Officials as "House Alone" because of his past attempts to assault and rape previous cellmates.

12. Despite this knowledge, Defendant SANCHEZ #15257 had previously unlocked other pre-trial detainees' cells at night to facilitate sexual encounters between pre-trial detainee Leon Hearon and those other pre-trial detainees.

13. During the day and early evening of November 23, 2020, pre-trial detainee Leon Hearon conveyed that he was sexually attracted to Plaintiff and that he wished to engage in sexual activity with Plaintiff.

14. In the evening on November 23, 2020, Leon Hearon initiated sexual acts with the Plaintiff.

15. While pre-trial detainee Leon Hearon initiated sexual acts with the Plaintiff, Defendant DEPUTY SHERIFF SANCHEZ #15257 came to Plaintiff's cell to remove him from the cell to secure his safety, witnessed the sexual acts being done to the Plaintiff and left saying he would return when the Plaintiff and Leon Hearon were done.

16. In the late evening of November 23, 2020, pre-trial detainee Leon Hearon raped the Plaintiff, and he was severely injured as a result.

## COUNT I: 42 U.S.C. § 1983 - FAILURE TO PROTECT

17. Defendants DEPUTY SHERIFF CORTEZ #17672, DEPUTY SHERIFF SANCHEZ #15257, and JOHN DOE DEPUTY SHERIFFS had the duty and obligation to protect the Plaintiff from being sexually assaulted by pre-trial detainee Leon Hearon.

18. The Defendants knew that pre-trial detainee Leon Hearon was classified by Cook County Jail Officials as "House Alone" because he had attempted to rape his prior cellmate and that, if housed with the Plaintiff, there was a strong likelihood that he would sexually assault the Plaintiff.

19. Defendants DEPUTY SHERIFF CORTEZ #17672, DEPUTY SHERIFF SANCHEZ #15257, and JOHN DOE DEPUTY SHERIFFS had the ability to prevent this harm to the Plaintiff by following the jail's order for pre-trial detainee Leon Hearon to be housed alone and to house the Plaintiff in a different location in the jail.

20. Despite this knowledge and their ability to save the Plaintiff from a physical attack, the Defendants consciously and deliberately ignored the jail's order and the clear danger to the Plaintiff, thereby failing to protect the Plaintiff from said attack by pre-trial detainee Leon Hearon.

21. The actions of Defendants DEPUTY SHERIFF CORTEZ #17672, DEPUTY SHERIFF SANCHEZ #15257, and JOHN DOE DEPUTY SHERIFFS constituted a violation of the Plaintiff, ALLEN BRAMWELL's Fourth and Fourteenth Amendment rights as protected by 42 U.S.C. §1983.

22. As a result of the actions, and/or omissions of the Defendants DEPUTY SHERIFF CORTEZ #17672, DEPUTY SHERIFF SANCHEZ #15257, JOHN DOE DEPUTY SHERIFFS, the Plaintiff, ALLEN BRAMWELL, suffered severe physical harm, fear, anxiety, pain, suffering, and emotional distress.

WHEREFORE, the Plaintiff, ALLEN BRAMWELL respectfully prays for judgment in his favor against Defendant, COOK COUNTY, ILLINOIS, a municipal corporation duly incorporated in the State of Illinois, DEPUTY SHERIFF CORTEZ #17672, DEPUTY SHERIFF SANCHEZ #15257, and JOHN DOE DEPUTY SHERIFFS, individually and as agents of COOK COUNTY, ILLINOIS, jointly and severally, in an amount of fair and reasonable compensatory damages, punitive damages, plus attorneys' fees and costs.

## COUNT II: 42 U.SC. § 1983 – STATE-CREATED DANGER

23. Plaintiff ALLEN BRAMWELL was in the custody of Defendants on or around November 23, 2020.

24. At all times mentioned herein, Defendants DEPUTY SHERIFF CORTEZ #17672, DEPUTY SHERIFF SANCHEZ #15257, and JOHN DOE DEPUTY SHERIFFS were employed by Defendant COOK COUNTY, ILLINOIS, a municipal corporation duly incorporated in the State of Illinois.

25. At all times mentioned herein, Defendants DEPUTY SHERIFF CORTEZ #17672, DEPUTY SHERIFF SANCHEZ #15257, and JOHN DOE DEPUTY SHERIFFS were acting within the scope of their employment with Defendant COOK COUNTY, ILLINOIS.

26. Defendants DEPUTY SHERIFF CORTEZ #17672, DEPUTY SHERIFF SANCHEZ #15257, and JOHN DOE DEPUTY SHERIFFS, knew that inmate Leon Hearon was classified as "House Alone" because of his past attempts to assault and rape his previous cellmates.

27. Despite this knowledge, Defendants DEPUTY SHERIFF CORTEZ #17672, DEPUTY SHERIFF SANCHEZ #15257, and JOHN DOE DEPUTY SHERIFFS placed Plaintiff ALLEN BRAMWELL in the same cell as Leon Hearon on or around November 23, 2020.

28. Prior to being transferred, Plaintiff ALLEN BRAMWELL was in relative safety within his previous cell.

29. Defendants' affirmative action of placing Plaintiff Allen Bramwell in the same cell as an individual who was known to be physically and sexually violent towards his fellow cellmates constituted a state-created danger that harmed the health, safety, and well-being of Plaintiff ALLEN BRAMWELL.

30. Such affirmative actions taken by the Defendants violated Plaintiff ALLEN BRAMWELL's due process rights under the Fourteenth Amendment to the U.S. Constitution, as enforced under 42 U.S.C. § 1983.

31. As a result of the actions of the Defendants DEPUTY SHERIFF CORTEZ #17672, DEPUTY SHERIFF SANCHEZ #15257, and JOHN DOE DEPUTY SHERIFFS, the Plaintiff, ALLEN BRAMWELL, suffered severe physical harm, fear, anxiety, pain, suffering, and emotional distress.

WHEREFORE, the Plaintiff, ALLEN BRAMWELL respectfully prays for judgment in his favor against Defendant, COOK COUNTY, ILLINOIS, a municipal corporation duly incorporated in the State of Illinois, DEPUTY SHERIFF CORTEZ #17672, DEPUTY SHERIFF SANCHEZ #15257, and JOHN DOE DEPUTY SHERIFFS, individually and as agents of COOK COUNTY, ILLINOIS, jointly and severally, in an amount of fair and reasonable compensatory damages, punitive damages, plus attorneys' fees and costs.

### COUNT III: WILLFUL & WANTON NEGLIGENCE

32. Defendants, DEPUTY SHERIFF CORTEZ #17672, DEPUTY SHERIFF SANCHEZ #15257, and JOHN DOE DEPUTY SHERIFFS, at all times herein mentioned, were employed by the Defendant COOK COUNTY, ILLINOIS.

33. At all times herein mentioned, Defendants DEPUTY SHERIFF CORTEZ #17672, DEPUTY SHERIFF SANCHEZ #15257, and JOHN DOE DEPUTY SHERIFFS, were acting within the scope of their employment with Defendant COOK COUNTY, ILLINOIS.

34. At all times herein mentioned, Plaintiff ALLEN BRAMWELL, was held in pre-trial detention at Cook County Jail by Defendant COOK COUNTY, ILLINOIS.

35. On or about November 23, 2020, Plaintiff ALLEN BRAMWELL was transferred from his cell in Division 9, Tier 2G of the Cook County Jail by Defendants DEPUTY SHERIFF CORTEZ #17672 and JOHN DOE DEPUTY SHERIFF to a cell in Division 10, Tier 2C in Cook County Jail.

36. On or about November 23, 2020, pre-trial detainee, Leon Hearon, was housed in a cell in Division 10, Tier 2C in Cook County Jail.

37. On or about November 23, 2020, pre-trial detainee, Leon Hearon, was classified as "House Alone" due to his past attempts to assault and rape previous cellmates.

38. On or about November 23, 2020, Plaintiff ALLEN BRAMWELL transferred to the same cell that housed Leon Hearon.

39. Upon arrival at the cell in Division 10, Tier 2C, Defendants DEPUTY SHERIFF CORTEZ #17672 and JOHN DOE DEPUTY SHERIFF were informed by Leon Hearon that Hearon was classified as "House Alone."

40. Defendants DEPUTY SHERIFF CORTEZ #17672 and JOHN DOE DEPUTY SHERIFF knew or should have known that Leon Hearon posed a serious threat to the health and safety to other cellmates.

41. Despite this knowledge, Defendants DEPUTY SHERIFF CORTEZ #17672 and JOHN DOE DEPUTY SHERIFF proceeded to place Plaintiff ALLEN BRAMWELL in the same cell as Leon Hearon.

42. On or about November 23, 2020, Leon Hearon initiated sexual acts with Plaintiff ALLEN BRAMWELL.

43. On or about November 23, 2020, Defendant DEPUTY SHERIFF SANCHEZ #15257 witnessed Leon Hearon engaging in sexual acts with Plaintiff ALLEN BRAMWELL.

44. Defendant DEPUTY SHERIFF SANCHEZ #15257 witnessed Leon Hearon engaging in sexual acts with Plaintiff ALLEN BRAMWELL in the course of coming to remove Plaintiff ALLEN BRAMWELL from the same cell as Leon Hearon.

45. Defendant DEPUTY SHERIFF SANCHEZ #15257 had come to remove Plaintiff ALLEN BRAMWELL because he knew that no other pre-trial detainees could be held in the same cell as Leon Hearon due to Hearon's past attempts to assault and rape other cellmates.

46. Upon information and belief, Defendant DEPUTY SHERIFF SANCHEZ #15257 has facilitated Leon Hearon's solicitations of sex from other pre-trial detainees in the past.

47. Upon arrival, Defendant DEPUTY SHERIFF SANCHEZ #15257 permitted Leon Hearon to continue engaging in sexual acts with Plaintiff ALLEN BRAMWELL.

48. As a result, Plaintiff ALLEN BRAMWELL was raped and threatened with physical violence by Leon Hearon.

49. Defendants DEPUTY SHERIFF CORTEZ #17672, DEPUTY SHERIFF SANCHEZ #15257, and JOHN DOE DEPUTY SHERIFFS knew that such acts or omissions had a substantial likelihood of creating or furthering serious bodily harm to Plaintiff ALLEN BRAMWELL.

50. That on said date and all times relevant hereto, Defendant COOK COUNTY, a municipal corporation acting by and through its duly authorized officers, agents, representatives, and/or employees, including DEPUTY SHERIFF CORTEZ #17672, DEPUTY SHERIFF SANCHEZ #15257, and JOHN DOE DEPUTY SHERIFFS, had a duty to refrain from wilful and wanton conduct in the operation of the jail, housing of pre-trial detainees, and the protection of pre-trial inmates, like the Plaintiff, from being sexually assaulted.

51. The Defendant COOK COUNTY, through its duly appointed officers, including but not limited to DEPUTY SHERIFF CORTEZ #17672, DEPUTY SHERIFF SANCHEZ #15257, and JOHN DOE DEPUTY SHERIFFS breached said duty there when they placed Plaintiff in a cell with Leon Hearon, a knowns sexual predator, and then when Plaintiff was sexually assaulted by Leon Hearon.

52. That notwithstanding there aforesaid duty, the Defendant COOK COUNTY, individually or by and through its agents and/or employees, including Defendants DEPUTY SHERIFF CORTEZ #17672, DEPUTY SHERIFF SANCHEZ #15257, and JOHN DOE

DEPUTY SHERIFFS were willful and wanton in their conduct towards the safety and well-being of Plaintiff ALLEN BRAMWELL in one or more of the following respects:

    a.    With utter indifference, and/or conscious disregard for the safety of Plaintiff ALLEN BRAMWELL, failed to properly supervise Leon Hearon when they knew that Leon Hearon had assaulted and raped cellmates in the past.

    b.    With utter indifference, and/or conscious disregard for the safety of Plaintiff ALLEN BRAMWELL, failed to intervene when it was known that Leon Hearon was engaging in sexual acts with the Plaintiff ALLEN BRAMWELL.

    c.    With utter indifference, and/or conscious disregard for the safety of Plaintiff ALLEN BRAMWELL, permitted Leon Hearon to continue engaging in known sexual acts with the Plaintiff ALLEN BRAMWELL.

    d.    With utter indifference, and/or conscious disregard for the safety of Plaintiff ALLEN BRAMWELL, failed to follow Cook County Jail standard operating procedures for placing and housing inmates that are classified as "House Alone" when they authorized the placement of Plaintiff ALLEN BRAMWELL in the same cell as Leon Hearon who was known by Defendants to be classified as "House Alone."

    e.    With utter indifference, and/or conscious disregard for the safety of Plaintiff ALLEN BRAMWELL, failed to protect Plaintiff ALLEN BRAMWELL by not terminating the ongoing sexual acts between Leon Hearon and Plaintiff ALLEN BRAMWELL and failing to separate Plaintiff ALLEN BRAMWELL from Leon Hearon.

    g.    With utter indifference, and/or conscious disregard for the safety of Plaintiff ALLEN BRAMWELL, failed to follow specific requirements for cell division 10 when they transferred Plaintiff ALLEN BRAMWELL from Division 9 to Division 10 and housed him with Leon Hearon.

    h.    With utter indifference, and/or conscious disregard for the safety of Plaintiff ALLEN BRAMWELL, failed to follow specific housing requirements for inmate Leon Hearon when they placed Plaintiff ALLEN BRAMWELL in the same cell as Leon Hearon.

    i.    With utter indifference, and/or conscious disregard for the safety of Plaintiff ALLEN BRAMWELL, failed to heed a clear warning from inmate Leon Hearon regarding the Cook County Jail order requiring him to be housed without a cellmate and proceeded to place Plaintiff ALLEN BRAMWELL in the same cell.

53. As a proximate result of the willful and wanton conduct of the Defendants DEPUTY SHERIFF CORTEZ #17672, DEPUTY SHERIFF SANCHEZ #15257, and JOHN DOE DEPUTY SHERIFFS, the Plaintiff, ALLEN BRAMWELL, has suffered, and will continue to suffer severe physical harm, fear, anxiety, pain, suffering, loss of normal life, emotional distress, and continuing medical harms.

WHEREFORE, the Plaintiff, ALLEN BRAMWELL respectfully prays for judgment in his favor against Defendant, COOK COUNTY, ILLINOIS, a municipal corporation duly incorporated in the State of Illinois, DEPUTY SHERIFF CORTEZ #17672, DEPUTY SHERIFF SANCHEZ #15257, and JOHN DOE DEPUTY SHERIFFS, individually and as agents of COOK COUNTY, ILLINOIS, jointly and severally, in an amount of fair and reasonable compensatory damages, punitive damages, plus attorneys' fees and costs.

### **COUNT IV: INDEMNIFICATION - COOK COUNTY, ILLINOIS**

1-53. The Plaintiff realleges and incorporates the allegations contained in paragraphs 1-51 of Counts I-III as his allegations of paragraphs 1-51 of Count IV as though fully set forth herein.

54. Illinois law provides that public entities are directed to pay any tort judgment for compensatory damages for which employees are liable within the scope of their employment activities.

55. Defendants, DEPUTY SHERIFF CORTEZ #17672, DEPUTY SHERIFF SANCHEZ #15257, JOHN DOE DEPUTY SHERIFFS acted within the scope of their employment in committing the misconduct described herein.

WHEREFORE, should Defendants DEPUTY SHERIFF CORTEZ #17672, DEPUTY SHERIFF SANCHEZ #15257, JOHN DOE DEPUTY SHERIFFS be found liable for the acts

alleged above, the Defendant COOK COUNTY, ILLINOIS would be liable to pay the Plaintiff any judgment obtained against said Defendants.

## JURY DEMAND

The Plaintiff, ALLEN BRAMWELL hereby requests a trial by jury.

Respectfully submitted,

/s/ *Brian Orozco*
BRIAN OROZCO
Attorney for Plaintiff
C. Norris Law Group, LLC
900 West Jackson Blvd., Suite 6E
Chicago, Illinois 60607