UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ALLEN BRAMWELL, | ) |
| | ) |
| | ) Case No. 21 cv 6219 |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) Honorable Charles P. Kocoras |
| | ) |
| DEPUTY SHERIFF CORTEZ #17672, | ) |
| DEPUTY SHERIFF SANCHEZ #15257, | ) |
| JOHN DOE DEPUTY SHERIFFS, | ) |
| COOK COUNTY SHERIFF | ) |
| TOM DART | ) |
| And COOK COUNTY, ILLINOIS | ) |
| | ) |
| Defendants. | ) |

## DEFENDANTS' COOK COUNTY SHERIFF TOM DART AND COOK COUNTY, ILLINOIS' PARTIAL MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT

NOW COME The Defendants, THOMAS DART, SHERIFF OF COOK COUNTY and COOK COUNTY, hereby collectively referred to as ("Defendants"), by and through their attorney, KIMBERLY M. FOXX, State's Attorney of Cook County, through her Assistant State's Attorneys, ALEXANDRYA BLACK and CALVIN EDWARDS, and respectfully move this Court, pursuant to Federal Rule of Civil Procedure 12(b)(6), to dismiss Plaintiff's First Amended Complaint including all claims against the Sheriff of Cook County and Cook County. In support thereof, Defendants state as follows:

### BACKGROUND

I. **November 23, 2020, Alleged Incident**

Plaintiff alleges the following facts, which are presumed to be true only for purposes of this motion to dismiss. On November 23, 2020, Plaintiff alleges he was escorted from his cell in

Division 9, Tier 2G of the Cook County Jail by Sgt. Cortez and a John Doe Deputy Sheriff. (Dkt. 1 at 2.) Upon arrival at the cell in Division 10, Plaintiff was housed with detainee Leon Hearon, who allegedly told Plaintiff and Sgt. Cortez and the John Doe Deputy that he was classified by Cook County Jail officials as "House Alone" because he had attempted to physically assault and rape his previous two cell mates. *Id*. Plaintiff alleges that Sgt. Cortez and the John Doe Deputy deliberately ignored this threat to Plaintiff's safety and housed Plaintiff with detainee Leon Hearon. (Dkt. 1 at 2-3.)

Plaintiff alleges that during the day and early evening of November 23, 2020, detainee Leon Hearon conveyed to Plaintiff that he was sexually attracted to Plaintiff and that he wished to engage in sexual activity with Plaintiff. (Dkt. 1 at 3.) In the evening, detainee Leon Hearon initiated sexual acts with Plaintiff. *Id*. Plaintiff alleges while detainee Leon Hearon initiated sexual acts with Plaintiff, Sheriff Deputy Sanchez came to Plaintiff's cell to remove him from the cell to secure his safety. (Dkt. 1 at 3-4.) Plaintiff claims Sheriff Deputy Sanchez witnessed the sexual acts being performed and left saying he would return when Plaintiff and detainee Leon Hearon were done. (Dkt. 1 at 4.) Plaintiff alleges that detainee Leon Hearon raped him, and he was severely injured as a result. *Id*.

Plaintiff alleges that Cook County is negligent based on the theory of *respondeat superior*, claiming that "the Defendant Cook County acting by and through its duly authorized officers, agents, representatives, and/or employees including Defendants had a duty to refrain from willful and wanton conduct in the operation of the jail, housing of pre-trial detainees, and the protection of pre-trial inmates, like the Plaintiff from being sexually assaulted." (Dkt. 1 at 9-10.)

## II.     The Counts

Plaintiff now alleges the counts listed below against Defendants:

Count I: 42 U.S.C. § 1983- Failure to Protect against Defendants Sgt. Cortez, Sheriff Deputy Sanchez and John Doe Defendants under the Fourth and Fourteenth Amendment.

Count II: 42 U.S.C. § - State Created Danger against Defendants Sgt. Cortez, Sheriff Deputy Sanchez and John Doe Defendants under the Fourth and Fourteenth Amendment.

Count III: Willful & Wanton Negligence against Defendant Cook County Sheriff Tom Dart.

Count IV: *Respondeat Superior* against Defendant Cook County Sheriff Tom Dart

Count V: Indemnification – Cook County, Illinois against Cook County.

**LEGAL STANDARD**

To survive a motion to dismiss, Plaintiff must allege facts sufficient to state a claim for relief that is facially plausible. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim for relief is plausible if the well-pleaded facts allow the Court to infer more than the mere possibility of misconduct. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). And although the Court treats as true all the facts alleged in the complaint and draws all reasonable inferences from them in the Plaintiff's favor, the Court need not accept those legal conclusions couches as factual allegations. *Id.* at 1949-50. In other words, legal conclusions and roundabout allegations merely reciting the elements of a claim are not entitled to a presumption of truth. *McCauley v. City of Chicago*, 671 F. 3d 611, 616 (7th Cir. 2011). Nor should a court forage through a complaint to find inferences favorable to plaintiffs or accept unreasonable inferences. *Caldwell v. City of Eldwood*, Ind., 959 F. 2d 670, 673 (7th Cir. 1992). This does not mean that a plaintiff is required to make detailed factual allegations, but there must be more than "an adorned, the defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (citations omitted). If not, then the plaintiff pleads

3

themselves out of court. *E.E.O.C. v. Concentra Health Servs., Inc.*, 496 F. 3d 773, 776 (7th Cir. 2007).

**ARGUMENT**

This Court should dismiss Plaintiff's Amended Complaint with prejudice for the following reasons: (1) his state law claims are barred by the statute of limitations pursuant to the Illinois Tort Immunity Act ("The Act"); (2) Section 4-103 of The Act precludes a claim against Sheriff Dart and Cook County; (3) Plaintiff fails to state a claim against Sheriff Dart in either his official and individual capacity; and (4) Cook County is not a proper party for the purposes of indemnification.

**I. COUNTS III AND IV OF PLAINTIFF'S COMPLAINT (THE "STATE LAW CLAIMS") ARE BARRED BY THE ONE-YEAR STATUTE OF LIMITATIONS PURSUANT TO THE ILLINOIS TORT IMMUNITY ACT.**

Plaintiff's First Amended Complaint asserts claims against Sheriff Dart under state law, which are barred by the statute of limitations. "A cause of action accrues when the plaintiff knew or should have known that it had sustained an injury." *Barry Aviation, Inc. v. Land O'Lakes Mun. Airport Comm'n*, 377 F.3d 682, 688 (7th Cir. 2004); *See Nolan v. Johns-Manville Asbestos*, 85 Ill. 2d 161, 171 (1981) ("when a party knows or reasonably should know that an injury has occurred and that it was wrongfully caused, the statute of begins to run and the party is under an obligation to inquire further to determine whether an actionable wrong was committed."). The statute of limitations for bringing claims under Illinois law against a municipality or its employees is one year. 745 ILCS 10/8-101 (West 2014); *Paszkowsi v. Metropolitan Water Reclamation District of Greater Chicago*, 213 Ill. 2d 1, 6 (2004). The Cook County Sheriff is a local public entity, and therefore Sheriff Dart is entitled to the protections of Section 8-101. *See Carver v. Sheriff of LaSalle Cty.*, 203 Ill. 2d 497, 514-515 (2003). Therefore, Plaintiff's state law claims against Sheriff Dart for willful and wanton negligence and *respondeat superior* are subject to the one-year limitations period. *See* 745 ILCS 10/8-101.

4

Count III of Plaintiff's First Amended Complaint should be dismissed. This claim accrued on November 23, 2020, and "allegations of wil[l]ful and wanton conduct do not deprive a local public entity and its employees of the benefit of the shorter limitations period provided in Section 8-101." *Flint v. Belvidere*, No. 11 C 50255, 2012 U.S. Dist. LEXIS 17498, at *16 (N.D. Ill. Feb. 13, 2012); *See Luciano v. Waubonsee Cmty. Coll.*, 24 Ill. App. 3d 1077, 1086, 614 N.E. 2d 904, 185 Ill. Dec. 463 (1993). Consequently, the statute of limitations for Plaintiff's willful and wanton negligence claim expired on November 23, 2021. Defendant Sheriff Dart was not added as defendant until March 14, 2022 — after the statute of limitations expired. (Dkt. 16 at ¶ 34.) Accordingly, Plaintiff's willful and wanton negligence claim against Sheriff Dart should be dismissed with prejudice.

Count IV of Plaintiff's First Amended Complaint should be dismissed. Under Illinois law, a *respondeat superior* claim accrues against an employer at the same time as the claims against the employee tortfeasor. *Huerta v. Village of Carol Stream*, No. 09 C 1492, 2010 U.S. Dist. LEXIS 57088, at *5 (N.D. Ill. June 9, 2010). Plaintiff filed his original complaint on November 19, 2021. (Dkt. 1 at 2.) The basis for the complaint stemmed for an alleged incident of unconstitutional conduct that occurred on or about November 23, 2020. (Dkt. 1 at ¶ 7); (Dkt. 16 at ¶¶ 8-17.) Thus, the statute of limitations for Plaintiff's *respondeat superior* claim expired on November 23, 2021. Yet, Plaintiff did not file his Amended Complaint adding the claim for *respondeat superior* nor adding Sheriff Dart until March 14, 2022—more than a year after the accrual date. (Dkt. 16 at ¶ 53.) Therefore, Plaintiff's *respondeat superior* claim against Sheriff Dart should be dismissed.

For these reasons, Plaintiff's state law claims are time-barred. Because Plaintiff cannot

5

overcome the statute of limitations, his First Amended Complaint fails to state a claim against Sheriff Dart and Counts III and IV should be dismissed.

**II. ALTERNATIVELY, PLAINTIFF IS BARRED FROM BRINGING HIS STATE LAW CLAIM AGAINST SHERIFF DART BECAUSE SHERIFF DART IS IMMUNIZED BY SECTION 4-103 OF THE ILLINOIS TORT IMMUNITY ACT.**

The Act protects local public entities and public employees from liability arising from the operation of the government. *See* 745 ILCS 10/1-101. Notably, Sheriff Dart is a "public employee[]" for the purposes of the Act. *See* 745 ILCS 10/1-207. Thus, if the Court does not dismiss Sheriff Dart pursuant to Count I of this Motion, Sheriff Dart in the alternative is protected by the Tort Immunity Act as follows:

> 745 ILCS 10/4-103 states in relevant part:
>
> Sec. 4-103. Neither a local public entity nor a public employee is liable for **failure to provide** a jail, detention or correctional facility, or if such a facility is provided, for **failure to provide** sufficient equipment, **personnel, supervision or facilities therein**. Nothing in this Section requires the periodic inspection of prisoners. 745 ILCS 10/4-103 (emphasis added).

Plaintiff's First Amended Complaint falls squarely within the scope of Section 4-103. Plaintiff brings claims for *respondeat superior* and willful and wanton negligence against Sheriff Dart for, but not limited to, failure to supervise and failure to intervene. (Dkt. 16 at ¶ 51.) In *Studebaker*, the Court found that defendants were immune from such claims under Section 4-103. *Studebaker v. County of Macon*, 2012 U.S. Dist. LEXIS 156207, at *9-10 (C.D. Ill. Oct. 5, 2012) citing *Bollinger v. Schneider*, 64 Ill App. 3d 758, 759-61 (Ill. App. Ct. 1978); *Jefferson v. Sheahan*, 279 Ill. App. 3d 74, 74, 80-81 (Ill. App. Ct. 1996).

This Court should look to *Bollinger v. Schneider*, for guidance. *Bollinger v. Schneider*, 64 Ill. App. 3d 758 (Ill. App. Ct. 1978). In *Bollinger*, Plaintiff, a minor, was physically and sexually assaulted by other inmates while confined in the juvenile section of the Rock Island County jail. *Id*. at 759. The Sheriff of Rock Island County was sued on Plaintiff's behalf. *Id*. The Plaintiff

6

alleged that various wilful, wanton and malicious acts of the individual defendants were the proximate cause of Plaintiff's injuries. *Id*. Defendant filed a motion to dismiss, asserting several immunities *Id*. The appellate court affirmed. In reaching its decision, the court reasoned that, *inter alia*, that clear language of section 4-103 with its express reference to detention facilities conveyed the legislature's intent to bar claims grounded upon allegations of failing to safeguard plaintiff while detained in jail. *Id*. at 763. *See also Fraley v. City of Elgin*, 251 Ill. App. 3d 72, 77 (Ill. App. Ct. 1993)

Analogous to the present case, in *Studebaker*, the plaintiff filed a three-count complaint against the defendants, County of Macon and Thomas P. Schneider, Sheriff of the County, alleging willful and wanton recklessness under Illinois law. *Studebaker v. County of Macon*, 2012 U.S. Dist. LEXIS 156207 at *1. There, the basis of plaintiff's complaint was that he suffered "extensive and serious injuries" from being violently beaten by three inmates, despite writing letters to the defendants, prior to the assault, telling the defendants he was being threatened by those other inmates. *Id.* at *3, 4. Still, the Court found that Section 4-103 extended immunity to the defendants. *Id*. at 9. The Court reasoned that if accepting the plaintiff's allegations as true — that the defendants failed to supervise the detainees sufficiently, which resulted in Plaintiff's injury — those allegations fell within the scope of Section 4-103, and thus "immunizes Defendants from liability under state law for their failure to supervise sufficiently." *Id.* at *9-10. *See Jefferson v. Sheahan*, 279 Ill. App. 3d 74 (Ill. App. Ct. 1996) (holding that section 4-103 immunized the Cook County Sheriff from an action where a former pretrial detainee brought an action against the Cook County Sheriff for injuries in the jail when a fellow inmate beat him with a steel cane.)

Here, the Plaintiff brings claims for *respondeat superior* and willful and wanton negligence against Sheriff Dart for, but not limited to, failure to supervise and failure to intervene. Considering

7

the findings in *Bollinger*, *Studebaker* and *Jefferson*, Plaintiff's claims fall within the scope on Section 4-103 of the Act, and Sheriff Dart should be immune from liability.

**III. PLAINTIFF FAILS TO STATE A CLAIM AGAINST SHERIFF DART IN HIS OFFICIAL CAPACITY AND INDIVIDUAL CAPACITY.**

First, Plaintiff's First Amended Complaint does not make any allegations about Sheriff Dart in his official capacity; rather, Plaintiff's Complaint only mentions him in his official capacity in the "Parties" section wherein he states that "The Defendant COOK COUNTY SHERIFF TOM DART was acting in his individual capacity and official as the duly elected and authorized sheriff of Cook County." (Dkt. 16 ¶¶4-7.) This alone is not enough to provide Defendant Dart with "fair notice of what the claim is and the grounds upon which it rests." *See Twombly*, 550 U.S. at 555. It is well settled that a complaint "requires more than labels and conclusions" to state claim for relief. *Id.* Absent any such factual development against Sheriff Dart, this Court should dismiss any claim construed against Sheriff Dart in his official capacity.

Second, Plaintiff named Sheriff Dart in his individual capacity and fails to mention his specific actions outside of the caption and the "Parties" paragraph. *See generally* (Dkt. 16 ¶¶ 4-7.) Individual liability under the Civil Rights Act requires a defendant's personal involvement in the alleged constitutional violation. *See Palmer v. Marion Cty.*, 327 F.3d 588, 594 (7th Cir. 2003). Section 1983 creates a cause of action based on personal liability and predicated upon fault; thus, "to be liable under § 1983, an individual defendant must have caused or participated in a constitutional deprivation." *Pepper v. Vill. of Oak Park*, 430 F.3d 809, 810 (7th Cir. 2005) (citations omitted). A supervisory official cannot be held liable for the conduct of his subordinates based on a theory of *respondeat superior*, and a complaint's allegations must indicate that the supervisory official was somehow personally involved in the constitutional deprivation. *See Perkins v. Lawson*, 312 F.3d 872, 875 (7th Cir. 2002).

A defendant's "personal involvement" goes beyond mere policy making and requires actual involvement of or knowledge by the official. *See Palmer,* 327 F.3d at 593-594. In *Palmer*, the plaintiff alleged deliberate indifference by the Sheriff of Marion County in his individual and official capacity stemming from the Sheriff's police of segregating inmates in jail. *Palmer*, 327 F.3d at 592. In addressing the Sheriff's individuality, the Seventh Circuit found that the plaintiff needed to demonstrate that the defendant knew of plaintiff's cell assignment and that based on such knowledge the Sheriff could infer risk of serious harm. *Id*. at 594. As the Sheriff had no personal knowledge of the facts of the plaintiffs' incarceration and subsequent risk of harm, a claim of individual liability could not be supported. *Id*. The mere fact that an official is responsible for crafting the policy that indirectly led to a plaintiff's injuries is not enough to sustain a finding of individual liability. *Id*. at 593-594; *see also Castaldo v. Dart*, 2011 U.S. Dist. LEXIS 124496, at *15-16 (N.D. Ill. Oct. 26, 2011) (Norgle, J.).

Here, Plaintiff's First Amended Complaint contains no allegations about what Sheriff Dart, as an individual, personally did to Plaintiff, or how Sheriff Dart himself caused Plaintiff any constitutional injury. Simply put, Plaintiff has not sufficiently pled facts that would even suggest a viable claim against Sheriff Dart, in his individual capacity. In fact, any mention of Sheriff Dart in the Complaint is a part of the conclusory clauses at the end of each count and devoid of factual support of personal involvement or knowledge and is exactly the kind of pleading which has been rejected as insufficient as a matter of law. *See Iqbal*, 556 U.S. at 678 ("an unadorned, the-defendant-unlawfully-harmed-me accusation" does not make a claim plausible); *Twombly*, 550 U.S. at 557 (a court need not accept assertions which are supported only by conclusory allegations or merely puts forth "naked assertion[s] devoid of *any* "factual enhancement") (emphasis added); *McCauley v. City of Chicago*, 671 F.3d 611, 616 (7th Cir. 2011) (citing *Iqbal*, 556 U.S. at 678)

9

("legal conclusions and conclusory allegations merely reciting the elements of the claim are not entitled to this presumption of truth"). For these reasons, any claim under individual capacity against Sheriff Dart should be dismissed.

### IV. COOK COUNTY IS NOT A PROPER PARTY IN THIS LAWSUIT FOR INDEMNIFICATION PURPOSES.

The Court should dismiss Plaintiff's indemnification claim against Cook County because Plaintiff has not pleaded any facts to sue the Sheriff in his official capacity, thus, any claim against Cook County should be dismissed. The Seventh Circuit has recognized that in Section 1983 claims "a county in Illinois is a necessary party in any suit seeking damages from an independently elected county officer (sheriff, assessor, clerk of court, and so on) in an official capacity. Because state law requires the county to pay, federal law deems it an indispensable party to the litigation." *Carver v. Sheriff of LaSalle Co.*, 324 F.3d 947, 948 (7th Cir. 2003). Absent any claim against Sheriff Dart in his official capacity it would be inappropriate to keep the County in the lawsuit. *Askew v. Sheriff of Cook County*, 568 F.3d 632, 637 (7th Cir. 2009) (concluding "that the County is not a party that must be joined if feasible, within the meaning of Rule 19, in a case brought against the Sheriff in his individual capacity."); *Stone v. Pepmeyer*, 2011 U.S. Dist. LEXIS 45746 *8 (C.D. Ill. April 28, 2011) (holding that a county need not be joined under Rule 19 in an individual capacity case, even if the county might eventually be liable for the judgment.")

Defendants further request that they not have any discovery obligations going forward. *Wallace v. Masterson*, 04 C 1827, 345 F. Supp. 2d 917, 926-27 (N.D. Ill. Nov 23, 2004) (Filip, J) (granting Cook County's request that it not be subject to discovery where it was named in the lawsuit solely for purposes of indemnification); *See also*, *Williams v. Cook Cnty.*, No. 20 C 1537, 2022 U.S. Dist. LEXIS 22774, at *3 (N.D. Ill. Feb. 8, 2022) (Ellis, J.) (finding that Cook County was "nominal defendant solely for the purpose of indemnification and thus has no further

discovery obligations"). As all claims made by Plaintiff in this suit are brought against the Defendants in their individual capacity Cook County is not a proper party in this suit. Therefore, this Court should dismiss any claim against Cook County with prejudice.

## CONCLUSION

**WHEREFORE**, for the reasons stated above this Court should dismiss all claims against Defendants, Cook County Sheriff Tom Dart and Cook County, Illinois, and any other relief this Court deems necessary and just.

                                          Respectfully Submitted,

                                          KIMBERLY M. FOXX
                                          State's Attorney of Cook County

By:    /s/ *Alexandrya Black*
         Alexandrya Black
         Calvin R. Edwards
         Assistant State's Attorney
         500 Richard J. Daley Center
         Chicago, IL 60602
         (312) 603-5669
         alex.black@cookcountyil.gov

## **CERTIFICATE OF SERVICE**

      I hereby certify that I have caused true and correct copies of the above and foregoing to be served on Plaintiff pursuant to ECF, in accordance with the rules of electronic filing of documents, on this day of April 7, 2022.

To:
Brian M Orozco
The Law Office of C.N. Norris, LLC.
900 W. Jackson Blvd, Suite 7E
Chicago, IL 60607
*Plaintiff's Counsel*

                                                                       /s/ *Alexandrya Black*
                                                                       Alexandrya Black