UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ALLEN BRAMWELL, | ) |
| Plaintiff, | ) ) ) |
| v. | ) 21 CV 6219 ) |
| DEPUTY SHERIFF CORTEZ #17672, DEPUTY SHERIFF SANCHEZ #15257, JOHN DOE DEPUTY SHERIFFS, COOK COUNTY SHERIFF TOM DART, and COOK COUNTY, ILLINOIS, | ) ) ) ) ) ) |
| Defendant. | ) |

### MEMORANDUM OPINION

**CHARLES P. KOCORAS, District Judge:**

Before the Court is Defendants Cook County Sheriff Thomas Dart and Cook County's (collectively, "County Defendants") Partial Motion to Dismiss Plaintiff Allen Bramwell's First Amended Complaint ("Amended Complaint") under Federal Rule of Civil Procedure 12(b)(6). Bramwell brings this action against Deputy Sheriff Cortez, Deputy Sheriff Sanchez, and John Doe Deputy Sheriffs (collectively, "Deputy Sheriff Defendants") as well as County Defendants. Bramwell alleges that he was sexually assaulted while incarcerated at the Cook County Jail and seeks to recover damages for violations of his constitutional rights and Illinois state law. For the following reasons, the Court grants-in-part and denies-in-part County Defendants' Motion.

## BACKGROUND

The following facts come from the Amended Complaint and are assumed true for the purpose of this Motion. *Alam v. Miller Brewing Co.*, 709 F.3d 662, 665–66 (7th Cir. 2013). All reasonable inferences are drawn in Bramwell's favor. *League of Women Voters of Chi. v. City of Chi.*, 757 F.3d 722, 724 (7th Cir. 2014).

On or about November 23, 2020, while incarcerated at the Cook County Jail as a pretrial detainee, Defendants Cortez and Doe escorted Bramwell from his cell in Division 9, Tier 2G to a cell in Division 10, Tier 2C. At the time, Division 10 cell was occupied by pretrial detainee Leon Hearon who, upon their arrival, informed Bramwell, Cortez, and Doe that Hearon was classified by Cook County Jail officials as "House Alone." This meant that Hearon was to be housed without a cellmate. He attempted to physically assault and rape his previous cellmate.

Bramwell alleges that despite Cortez and Doe's awareness that Hearon had a history of attempted assault, that the Cook County Jail ordered that Hearon should be housed without cellmates to prevent future assaults, and that there was a high likelihood that Hearon would assault Bramwell, Cortez and Doe ignored the threat to Bramwell and housed him with Hearon anyway.

The Deputy Sheriffs assigned to patrol and secure Tier 2C, including Defendants Sanchez and John Doe Deputy Sheriffs, also knew that Hearon was "House Alone" because of his violent behavior towards his previous cellmate. Furthermore, Sanchez

had previously unlocked other pretrial detainees' cells at night to facilitate sexual encounters between Hearon and those other detainees.

During the day and early evening of November 23, 2020, Hearon conveyed to Bramwell that he was sexually attracted to Bramwell and wanted to engage in sexual activity. Hearon initiated sexual acts with Bramwell that evening. During the sexual acts, Defendant Sanchez came to the cell to remove Bramwell to secure his safety, witnessed the sexual acts being done to Bramwell, and then left, saying that he would return when Hearon and Bramwell were done. In the late evening of November 23, 2020, Hearon raped Bramwell, resulting in severe injuries.

Bramwell filed a five-count complaint alleging Defendants violated his civil rights and Illinois state law. Bramwell brought claims under 42 U.S.C. § 1983 for violations of his Fourth and Fourteenth Amendment rights against Deputy Sheriff Defendants and Cook County (Counts I and II), a claim for willful and wanton negligence against all Defendants (Count III), *respondeat superior* liability against Dart for the actions of Deputy Sheriff Defendants as to the state law claim (Count IV), and indemnification by Cook County for the actions of Deputy Sheriff Defendants (Count V). County Defendants move to dismiss Bramwell's Complaint against them with prejudice for failure to state a claim.

County Defendants first argue that Counts III and IV against Dart are barred by the one-year statute of limitations pursuant to the Illinois Tort Immunity Act (the "Act"), 745 ILCS 10/8-101 *et seq*. They further argue that these claims, added in the

First Amended Complaint, do not "relate back" to the original Complaint under Fed. R. Civ. P. 15(c).

Next, County Defendants assert that Bramwell's state law claims against Dart are precluded because Section 4-103 of the Act immunizes local public entities and public employees from liability for failure to "provide sufficient personnel, supervision or facilities" within a "jail, detention or correctional facility."

County Defendants further argue that Bramwell has failed to state a claim against Dart in either his official capacity or his individual capacity.

Lastly, County Defendants assert that Cook County is not a proper party in this lawsuit for indemnification purposes. To the extent the Court determines that Cook County may remain in the case, County Defendants alternatively request that Cook County not have discovery obligations going forward.

## **LEGAL STANDARD**

A motion to dismiss under Rule 12(b)(6) "tests the sufficiency of the complaint, not the merits of the case." *McReynolds v. Merrill Lynch & Co.,* 694 F.3d 873, 878 (7th Cir. 2012). The Court accepts as true well-pled facts in the complaint and draws all reasonable inferences in favor of the plaintiff. *AnchorBank, FSB v. Hofer*, 649 F.3d 610, 614 (7th Cir. 2011). The allegations in the complaint must set forth a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).

4

A plaintiff need not provide detailed factual allegations, but it must provide enough factual support to "raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The claim must be described "in sufficient detail to give the defendant 'fair notice of what the . . . claim is and the grounds upon which it rests.'" *E.E.O.C. v. Concentra Health Servs., Inc.*, 496 F.3d 773, 776 (7th Cir. 2007) (quoting *Twombly*, 550 U.S. at 555). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements," are insufficient to withstand a Rule 12(b)(6) motion to dismiss. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A claim is facially plausible if the complaint contains sufficient alleged facts that allow the Court "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*.

## DISCUSSION

County Defendants move to dismiss Bramwell's Amended Complaint as to Dart and Cook County with prejudice for failure to state a claim on four grounds: (1) that Bramwell's claims against Dart are untimely; (2) that the Act immunizes Dart from Bramwell's state law claims; (3) that Bramwell fails to state a claim against Dart in either his official or individual capacity; and (4) that Cook County is not a proper party in this lawsuit. Although the Court rejects County Defendants' arguments regarding the statute of limitations and Dart's official and individual capacity, we find that Bramwell's state law claims fall within scope of the Act and therefore Counts III and

IV against Dart fail. The Court declines to dismiss Cook County as a party but grants County Defendants' request that Cook County not have further discovery obligations.

## I. Statute of Limitations

County Defendants argue that Bramwell's state law claims (Counts III and IV) are untimely under the Act, which provides that the statute of limitations for bringing claims under Illinois law against a municipality or its employees is one year. Dkt. # 23, at 4 (*citing* 745 ILCS 10/8-101). They contend that the statute of limitations for Count III, willful and wanton negligence, and Count IV, *respondeat superior*, expired on November 23, 2021. County Defendants argue that because Bramwell did not add Dart as a defendant until March 14, 2022, in his Amended Complaint, those claims against Dart are time-barred.

Bramwell responds that his claims against Dart are not untimely because, although added in the Amended Complaint after the one-year period, the claims against Dart "relate back to his timely filed original Complaint" pursuant to Federal Rules of Civil Procedure 15(c)(1)(B) and (C).

Rule 15(c)(1) states in relevant part:

(c) Relation Back of Amendments.

(1) When an Amendment Relates Back. An amendment to a pleading relates back to the date of the original pleading when:

. . .

(B) the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading; or

> (C) the amendment changes the party or the naming of the party against whom a claim is asserted, if Rule 15(c)(1)(B) is satisfied and if, within the period provided by Rule 4(m) for serving the summons and complaint, the party to be brought in by amendment:
>
> (i) received such notice of the action that it will not be prejudiced in defending on the merits; and
>
> (ii) knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity.

Fed. R. Civ. P. 15(c)(1).

Bramwell asserts, and County Defendants do not dispute, that Rule 15(c)(1)(B) is satisfied because the additional claims as amended in the Amended Complaint arose out of the same "conduct, transaction, or occurrence" set out in the original Complaint.

However, County Defendants dispute that, under Rule 15(c)(1)(C), Dart "received such notice of the action within the period provided by Rule 4(m) and they will not be prejudiced in defending on the merits" and that Dart "knew or should have known that the action would have been brought against them but for a mistake concerning the proper party's identity."

Whether an amendment relates back to the original complaint under Rule 15 "depends on what the party to be added knew or should have known, not on the amending party's knowledge or its timeliness in seeking to amend the pleading." *Krupski v. Costa Crociere S.p.A.*, 560 U.S. 538, 541 (2010). *Johnson v. Dart* explains the relevant "defendant-focused analysis" and approach, with which we agree:

> Since *Krupski*, judges in this District have approached the viability of claims against defendants, such as those first named in Plaintiff's

7

> amended complaint, through the prism of "what the late-added defendants knew or should have known during the 90-day period after the filing of the original complaint set forth in Rule 4(m)." [*Harris v. Dart*, 2020 WL 60201, at *4 (N.D. Ill. 2020)] (citing numerous similar cases); see also *Haroon v. Talbott*, 2017 WL 4280980, at *7 (N.D. Ill. Sept. 27, 2017) (approving of a "defendant-focused analysis [that] applies whether the plaintiff sues the wrong defendant because of a misunderstanding or sues a fictitious defendant because of a lack of knowledge."); *Clair v. Cook Cty., Ill.*, 2017 WL 1355879, at *4 (N.D. Ill. Apr. 13, 2017) (after *Krupski*, "the court must limit its inquiry under Rule 15(c)(1)(C)(ii) to what the newly named defendants knew or should have known"). Under this approach, "to determine whether a claim is 'unquestionably untimely' . . . , 'the Court must have before it some record of what the newly added defendants knew about a plaintiff's lawsuit before they were added. Such evidence is rarely before the Court on a motion to dismiss,' and so dismissal on that basis is rare." *Harris*, 2020 WL 60201, at *4 (quoting *Hawks v. Gade*, 2018 WL 2193197, at *4-5 (N.D. Ill. May 14, 2018)).

2022 WL 972293 at *5 (N.D. Ill. 2022).

As in *Johnson*, the Court will "follow this approach because it seems prudent to keep the most recently named Defendants in the lawsuit at this time, subject to further review at a later stage of the case, under the 'defendant-focused analysis' outlined above." *Id*. We therefore decline to dismiss Bramwell's claims against Dart based on the statute of limitations.

**II.     Claims Against Dart in His Official Capacity and Individual Capacity**

The Court rejects County Defendants' arguments that Bramwell has failed to state any claims against Dart in either his official or individual capacity. As to Dart's official capacity, County Defendants do not provide any case law supporting the proposition that Bramwell's manner of pleading is insufficient, citing only general

8

pleading standards. Dkt. # 23, at 8; Dkt. # 33, at 9–10. As to Dart's individual capacity, County Defendants seem to misunderstand which claims Bramwell is bringing against Dart, arguing that "[i]ndividual liability under the Civil Rights Act requires a defendant's personal involvement in the alleged constitutional violation" and citing cases regarding constitutional claims. *Id*. But Bramwell's Amended Complaint does not assert constitutional violations against Dart. Dkt. # 16, at 4–5 (Count I Section 1983 claim against Cook County, Cortez, Sanchez, and John Doe Deputy Sheriffs); 5–7 (Count II Section 1983 claim, same); 11–12 (Count IV *respondeat superior* claim against Dart only as to "torts in violation of state law"). Bramwell confirms this in his response. Dkt. # 30, at 12 ("[] Plaintiff's amended complaint does not allege that Defendant Sheriff Dart is vicariously liable for the violations of Plaintiff's constitutional rights as enforced by his Section 1983 causes of action."). Thus, County Defendants' arguments are irrelevant to the claims at issue.

### III. Section 4-103 of the Act

County Defendants assert that Dart is immunized from liability for Bramwell's claims of willful and wanton negligence and *respondeat superior* (Counts III and IV) by Section 4-103 of the Act, which states:

> Neither a local public entity nor a public employee is liable for failure to provide a jail, detention or correctional facility, or if such a facility is provided, for failure to provide sufficient equipment, personnel, supervision or facilities therein. Nothing in this Section requires the periodic inspection of prisoners.

745 ILCS 10/4-103.

County Defendants argue that because Dart is a public employee for purposes of the Act (*citing* 745 ILCS 10/1-101), and because Bramwell's state law claims "fall[] squarely within the scope of Section 4-103," Dart cannot be held liable for Bramwell's state law claims. They contend that Bramwell's allegations boil down to a failure to sufficiently supervise and a failure to intervene, which Illinois courts have found to be covered by Section 4-103.

In response, Bramwell argues that Section 4-103 provides immunity only for "situations where a county or county sheriff fails to provide certain services in the course of operating a county jail or detention facility; but once those services are provided, those injuries that result from the provision of those services are not immunized." Dkt. # 30, at 9 (*citing Awalt v. Marketti*, 74 F. Supp. 3d 909, 942 (N.D. Ill. 2014)). Bramwell states that he does not allege that Dart failed to provide supervision, rather that the manner of supervision provided directly and proximately caused Bramwell's injuries.

Furthermore, Bramwell asserts that "Section 4-103 does not cover correctional staff's failures to intervene in situations where they have actual knowledge of a real and imminent threat to inmate safety." *Id*. (*citing Thomas ex rel. Smith v. Cook Cnty. Sheriff*, 401 F. Supp. 2d 867, 876 (N.D. Ill. 2005)). He argues that because Sanchez and Cortez had actual knowledge of the threat to Bramwell's safety and observed Hearon engaging Bramwell in sexual acts without intervening, immunity under Section 4-103 does not apply.

County Defendants respond that courts have found Section 4-103 immunity to be absolute, with no exception for willful and wanton behavior, and that the cases cited by Bramwell are inapposite.

The weight of the relevant case law is in County Defendants' favor, including in situations analogous to this case. In *Bollinger v. Schneider*, the plaintiff brought an action against the county sheriff, county deputy sheriffs, and the county to recover for injuries sustained when he was physically and sexually assaulted by other inmates while confined in the county jail. 64 Ill. App. 3d 758, 759 (3d Dist. 1978). There, the plaintiff alleged that "he was placed in the same cell with prisoners with known assaultive and vicious propensities; that the defendants failed to properly supervise, control and inspect the juvenile section of the jails; that defendants failed to separate plaintiff from the attacking inmates and that defendants failed in their ministerial duty to keep plaintiff safe from assaults from other prisoners." *Id*. Although the court reversed and remanded the case on other grounds, it found that the plaintiff's claims fell within the scope of Section 4-103. *Id*. at 761.

In *M.W. v. Doe 1*, the court held that Section 4-103 immunized the county, county sheriffs, and county juvenile detention center from state law claims of negligent supervision, negligent infliction of emotional distress, negligent failure to act, and *respondeat superior*, based on allegations that the defendants wrongfully housed the juvenile plaintiff in an adult correctional facility for three days, during which time he was mentally, physically, and sexually abused. 2012 WL 3717790, at *4–5 (N.D. Ill.

11

2012). The court granted the defendants' motion to dismiss as to those claims, finding they were precluded by the Act and rejecting the plaintiff's contention that a "special duty" exception allowed him to pursue his claims because the Illinois Supreme Court had explicitly rejected such an argument. *Id*. at \*5.

To the extent Bramwell argues that Dart is not immune because the conduct at issue was willful and wanton, no such exception exists under Section 4-103. *See*, *e.g.*, *Love v. Dart*, 2022 WL 797051 at \*7 (N.D. Ill. 2022) ("[Section 4-103] provides absolute immunity (that is, irrespective of whether the conduct was willful or wanton) . . . ."); *M.W.*, 2012 WL 3717790 at \*5 ("[Sections 4-102 and 4-103] of the Tort Immunity Act do not contain the willful and wanton exception like other Tort Immunity Act provisions do.") (citations omitted); *Thomas v. Sheahan*, 499 F. Supp. 2d 1062, 1100 (N.D. Ill. 2007) ("There is no exception to [Section 4-103] for willful or wanton conduct as alleged by Plaintiff . . . ."); *Jefferson v. Sheahan*, 279 Ill. App. 3d 74, 77 (1st Dist. 1996) ("Section 4-103 does not provide an exception for conduct found to be willful and wanton . . . a judicial 'finding' of an exception for willful and wanton conduct where none was expressly provided by the legislature contravenes a court's duty to give effect to legislative intent."); *see also Payne v. Churchich*, 161 F.3d 1030, 1044 (7th Cir. 1998) ("The Illinois courts have held that the immunity afforded by [Section] 4-103 was intended by the Illinois legislature to be absolute."). Section 4-103 differs in this regard from, for example, Section 4-105 of the Act, which precludes liability for "injury proximately caused by the failure of the employee to furnish or

12

obtain medical care for a prisoner in his custody; but this Section shall not apply where the employee, acting within the scope of his employment, knows from his observation of conditions that the prisoner is in need of immediate medical care and, through willful and wanton conduct, fails to take reasonable action to summon medical care." 745 ILCS 10/4-105.

Bramwell primarily points to two cases to argue that his claims fall outside of Section 4-103. Dkt. # 30, at 9–10 (*citing Awalt*, 74 F. Supp. 3d at 942; *Thomas*, 401 F. Supp. 2d at 876). First, Bramwell cites *Awalt* to argue that it is the "manner of supervision" that is at issue here, not whether supervision was provided, and that injuries that result from the provision of services are not immunized. He then relies on *Thomas* for the proposition that "Section 4-103 does not cover county correctional staff's failures to intervene in situations where they have actual knowledge of a real and imminent threat to inmate safety." *Id*.

First, as County Defendants point out, these cases involve the defendants' failure to provide medical treatment, which is not at issue here. Second, Bramwell extrapolates propositions not actually present in these cases. For example, Bramwell claims *Awalt* supports his argument that the manner of supervision differs from the provision of supervision under Section 4-103, but *Awalt* does not make such a sweeping statement. Furthermore, *Thomas* does not broadly state that the knowledge of any threat to inmate safety necessarily falls outside the scope of Section 4-103, but rather distinguishes a

13

failure to sufficiently supervise from the denial of medical treatment when the medical need was known.

In light of the more factually analogous cases discussed above, wherein the defendants failed to prevent harm from third parties, and the fact that Section 4-103 does not contain a willful and wanton conduct exception, the Court does not find Bramwell's cited cases persuasive. Furthermore, Bramwell's arguments that his allegations involve the manner of supervision, or a failure to intervene, rather than the provision of supervision, do not allow him to escape the scope of the Act. Section 4-103 precludes liability for the failure to provide "sufficient" supervision. Black's Law Dictionary defines "sufficient" as "adequate; of such quality, number, force, or value as is necessary for a given purpose." Black's Law Dictionary (11th ed. 2019). Merriam-Webster defines it as "enough to meet the needs of a situation or a proposed end." https://www.merriam-webster.com/dictionary/sufficient (last visited Aug. 16, 2022). What Bramwell describes is in essence egregiously poor supervision, *i.e.*, inadequate or insufficient supervision, which falls under Section 4-103. The Court therefore grants County Defendants' Partial Motion to Dismiss Count III (willful and wanton negligence) against Dart and the corresponding Count IV (*respondeat superior*) against Dart.

IV. **Cook County as a Defendant**

County Defendants assert that the "Court should dismiss Plaintiff's indemnification claim against Cook County because Plaintiff has not pleaded any facts

14

to sue the Sheriff in his official capacity, thus any claim against Cook County should be dismissed." Dkt. # 23, at 10. County Defendants, again, apparently misunderstand the allegations of the Amended Complaint.

First, County Defendants cite cases regarding whether a county must be joined under Rule 19, which are irrelevant here since Cook County is already a party. They cite no case law indicating that Cook County should be dismissed from an action to which it is already a party.

Second, County Defendants base their arguments on whether Bramwell has stated a claim against Dart, but Bramwell's Count V for indemnification makes no mention of Dart. Rather, Bramwell asserts that Cook County would be responsible for paying any judgment obtained for the acts of Cortez, Sanchez, and John Doe Deputy Sheriffs, who allegedly "acted within the scope of their employment in committing the misconduct described herein." Dkt. # 16, ¶ 57. Section 9-102 of the Act states that a "local public entity is empowered and directed to pay any tort judgment or settlement for compensatory damages (and may pay any associated attorney's fees and costs) for which it or an employee while acting within the scope of his employment is liable in the manner provided in this Article." 745 ILCS 10/9-102. Therefore, the Court will not dismiss the indemnification count against Cook County. *See Williams v. Cook Cnty.*, 2022 WL 393593, at *1 (N.D. Ill. 2022).

The Court will, however, grant County Defendants' request that Cook County not have any discovery obligations going forward. *Id.* Bramwell does not object to the

15

request. *See* Dkt. # 30, at 12–13. Bramwell may petition the Court for relief should he determine that he has discovery to pursue against Cook County. *See Williams*, 2022 WL 393593 at *1.

## CONCLUSION

For the foregoing reasons, the Court grants-in-part County Defendants' Partial Motion to Dismiss (Dkt. # 23). Counts III and IV against Dart are dismissed without prejudice. County Defendants' request that Cook County not have discovery obligations going forward is granted. The Motion is otherwise denied. It is so ordered.

Dated: 8/22/2022

Charles P. Kocoras
United States District Judge